1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * * * *

9

UNITED STATES OF AMERICA,

10

Plaintiff,

3:16-cr-00024-LRH-VPC

11

v.

12

STEVEN ROBERT WESLEY, JR.,

<u>ORDER</u>

13

Defendant.

14

15      Before the court is defendant Steven Robert Wesley Jr.'s sentencing memorandum and

16  supplemental memorandum, which object to the presentence investigation report's ("PSR")

17  recommended application of the career-offender enhancement. ECF Nos. 29, 33. The United

18  States has not responded. The court finds that Wesley's instant offense of federal bank robbery

19  and prior convictions for California robbery are crimes of violence and that he therefore qualifies

20  as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "the

21  Guidelines").

22  **I.      Background**

23      Wesley is charged by indictment with one count of bank robbery and one count of

24  attempted bank robbery under 18 U.S.C. § 2113(a) based on events that occurred on April 18,

25  2016. ECF No. 3. Pursuant to a plea agreement between himself and the United States (ECF No.

26  23), Wesley pled guilty to bank robbery on July 25, 2016 (ECF No. 22).

27  ///

28  ///

Subsequently, the PSR revealed that Wesley has sustained two prior[1] convictions for four total counts of state-law robbery under California Penal Code § 211. The PSR classified Wesley's instant offense, as well as his two prior robbery convictions, as crimes of violence under U.S.S.G. § 4B1.2 and therefore found that the career-offender enhancement under § 4B1.1 applies.

**II.    Analysis**

The career-offender sentencing enhancement applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either **a crime of violence** or a controlled substance offense; and (3) the defendant has **at least two prior felony convictions of either a crime of violence** or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2016) (emphasis added). The Guidelines further define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, **extortion**, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

*Id*. § 4B1.2(a) (emphasis added). The first clause in this definition is often referred to as the "force" or "physical force" clause, while the latter clause is often referred to as the "enumerated-offense" clause.

Wesley argues that his instant offense of federal bank robbery and prior convictions for California robbery are not crimes of violence. The court will address each crime in turn.

---

[1] At the last hearing, the United States highlighted the fact that the then-current version of the PSR indicated that Wesley entered a guilty plea for his most recent California-robbery conviction *after* he committed his instant offense. ECF No. 32. If this were the case, then the conviction could not be considered a *prior* conviction. *See* U.S. Sentencing Guidelines Manual § 4B1.2(c) (U.S. Sentencing Comm'n 2016) (defining a prior felony conviction based on the comparison of the date a defendant committed the instant offense with the date his guilt was established for the purportedly prior offense (e.g., by a guilty plea)). However, additional records that the U.S. Probation Office later obtained and provided to the parties revealed that Wesley did plead guilty to his most recent robbery conviction *before* committing the instant offense.

2

**A.     The 2016 Sentencing Guidelines apply to this sentencing**

As an initial matter, the court finds that the 2016 edition of the Guidelines, which became effective November 1, 2016, applies to this sentencing. The Guidelines themselves direct district courts to "use the Guidelines Manual in effect on the date that the defendant is sentenced[,]" unless the court determines that doing so "would violate the ex post facto clause of the United States Constitution . . . ." *Id.* § 1B1.11.

Wesley originally argued that applying the 2016 Guidelines would result in such a constitutional violation and that the court should therefore apply the pre-amended version of the 2015 Guidelines that was in effect before August 1, 2016.[2] ECF No. 29 at 3. However, shortly after filing his sentencing memorandum, the U.S. Supreme Court issued its decision in *Beckles v. United States*, 2017 WL 855781 (U.S. Mar. 6, 2017), holding that the Guidelines are not subject to vagueness challenges. Based on this holding, Wesley now concedes that being sentenced under the pre-amended 2015 Guidelines will "no longer produce a less severe result" than being sentenced under the current Guidelines and that there is therefore no ex post facto violation. ECF No. 33 at 2. In turn, the court will apply the 2016 Guidelines, which include the above-quoted definition of a crime of violence.

**B.     Federal bank robbery is a crime of violence**

A person commits federal bank robbery when he, "by force and violence, or *by intimidation*, takes . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a) (emphasis added).

///

---

[2]  This issue was relevant to Wesley's sentencing because, unlike the crime-of-violence definition included above, the pre-amended 2015 Guidelines definition only listed robbery in the commentary to section 4B1.2 rather than directly in the text. Wesley thus argued that generic robbery was *not* an enumerated offense. The U.S. Sentencing Commission included an amended crime-of-violence definition that did enumerate robbery as a crime of violence in the supplement to the 2015 Guidelines, which became effective August 1, 2016. *See* Supplement to the 2015 Guidelines Manual (U.S. Sentencing Comm'n 2016). This same definition is included in the current 2016 Guidelines. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 2016).

1    Wesley argues that this crime, the instant offense for which he is currently being

2    sentenced, is not categorically[3] a crime of violence and therefore cannot trigger the career-

3    offender enhancement. ECF No. 29 at 10. Because federal bank robbery is not an enumerated

4    offense,[4] he contends that the crime can only be compared to the force clause in section

5    4B1.2(a); however, Wesley argues that federal bank robbery is broader than the force clause and

6    thus not a categorical match because it can be accomplished through the use of "intimidation."

7    Many courts within this district and throughout this circuit have held that this precise

8    argument is foreclosed by the Ninth Circuit's decision in *United States v. Selfa*, 918 F.2d 749

9    (9th Cir. 1990). *E.g.*, *United States v. McDuffy*, 194 F. Supp. 3d 1054, 1060 (D. Nev. 2016);

10   *United States v. Newman*, No. 2:06-cr-00099-JCM-RJJ, 2017 WL 736871, at *3 (D. Nev. Feb.

11   24, 2017); *United States v. Spell*, No. 2:14-cr-00071-APG-CWH, 2016 WL 5867411, at *1 (D.

12   Nev. Oct. 6, 2016). In *Selfa*, the court "held that the . . . federal bank robbery statute, which may

13   be violated by 'force and violence, or by *intimidation*,' qualifies as a crime of violence under

14   U.S.S.G. § 4B1.2 . . . ." *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (citing

15   *Selfa*, 918 F.2d at 751) (internal citation and footnote omitted). The court explained "that

16   'intimidation' means willfully 'to take, or attempt to take, in such a way that would put an

17   ordinary, reasonable person *in fear of bodily harm*,' which satisfies the requirement of a

18   'threatened use of physical force' [i.e., the force clause] under § 4B1.2." *Id.* (emphasis in

19   original) (quoting *Selfa*, 918 F.2d at 751).

20   ///

21

22   [3] Courts apply the "categorical approach" to determine whether a defendant's state or federal
     crime meets the definition of "crime of violence." Under this analysis, a sentencing or reviewing

23   court "may 'look only to the statutory definitions'—i.e., the elements—of a defendant's prior
     offenses, and not 'to the particular facts underlying those convictions.'" *Descamps v. United*

24   *States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).
     "If the relevant statute has the same elements as the 'generic' . . . crime [or the force clause],

25   then the prior conviction can serve as [a] predicate [offense]; so too if the statute defines the
     crime more narrowly . . . ." *Id.* (citing *Taylor*, 495 U.S. at 599).

26

27   [4] While federal bank robbery is not an enumerated offense, Wesley has not addressed whether
     the crime is a categorical match for any other offense in the enumerated-offense clause (e.g.,

28   generic robbery). Because the court finds that federal bank robbery is a categorical match for the
     force clause, the court need not reach this question.

Nonetheless, Wesley implicitly[5] argues that more recent Supreme Court and Ninth Circuit case law has effectively overruled *Selfa* by specifying that the force clause can only be satisfied through the use of force that is both "violent" and "intentional." *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) ("[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority . . . [the court] should reject the prior circuit opinion as having been effectively overruled."). Wesley thus contends that a defendant may commit bank robbery by intimidation without satisfying either requirement. These arguments, however, are unavailing and have been rejected by several courts. *See, e.g.*, *United States v. Inoshita*, No. 15-00159-JMS, 2016 WL 2977237 (D. Haw. May 20, 2016) (rejecting similar arguments and citing cases).

In regards to the degree of force used, the Supreme Court did narrow the definition of "physical force" several years ago to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Wesley thus argues that "[t]he act of placing another in fear of bodily harm does not necessarily require the use or threatened use of 'violent force' against another." ECF No. 29 at 11. He contends that "a defendant can place another [individual] in fear of bodily harm by threatening to poison that person, to release hazardous chemicals on that person, or to lock that person up in a room without food or water." *Id.*

Wesley's interpretation of the Supreme Court's holding in *Johnson* is too narrow. There, the Court was distinguishing between the degree of physical force required to satisfy the force clause and state statutes that can be violated through a defendant's use of "the merest touch" (i.e., "any intentional physical contact, no matter how slight."). *See United States v. Avery*, No. 3:02-cr-113-LRH-VPC, 2017 WL 29667, at *9–10 (D. Nev. Jan. 3, 2017) (discussing the Supreme Court's analysis in *Johnson*). The Court thus concluded that, "while physical force 'might consist . . . of only that degree of force necessary to inflict pain—a slap in the face, for example'—it did not consist of the 'nominal contact' allowed for under" the state statute at issue. *Id.* at *10 (quoting *Johnson*, 559 U.S. at 143). This court thus concludes that intimidation, which

---

[5] While Wesley quotes *Selfa*'s definition of intimidation, he does not address its holding.

is achieved by placing an individual *in fear of bodily harm*, comports with the threatened use of violent force under the force clause and that Wesley's examples of intimidation would satisfy the clause.

Moreover, the fact that the Ninth Circuit has continued to apply *Selfa* in unpublished decisions after *Johnson* bolsters the court's conclusion. *See United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 529 (2016) (citing *Selfa* in finding that "[t]he district court did not err in applying a career offender enhancement" for the defendant's federal-bank-robbery convictions); *Howard*, 650 F. App'x at 468 (applying *Selfa* to the "analogous" crime of Hobbs Act robbery, which "may also be accomplished by putting someone in 'fear of injury,'" and finding that it is a crime of violence under the force clause[6]).

Finally, Wesley argues that intimidation "does not require an *intentional* threat of physical force" and is thus not a categorical match for the force clause. ECF No. 29 at 11. Citing *United States v. Foppe*, he contends that the intimidation element "is satisfied under the bank robbery statute regardless of whether the defendant specifically intended to intimidate." *Id.* (citing *United States v. Foppe*, 993 F.3d 1444, 1451 (9th Cir. 1993)). However, the *Foppe* court merely held that federal bank robbery "is a general intent crime, not a specific intent crime[,]" in response to the defendant's argument that he never intended to intimidate the bank teller that he approached. *Foppe*, 993 F.3d at 1451.

In turn, Wesley's argument attempts to constrain the threatened use of physical force under the force clause to specific intent crimes. However, the Ninth Circuit has merely specified that, under the clause, "the use of force must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015). Because intimidation requires "willful" conduct that results in placing "an ordinary, reasonable person in fear of bodily harm," the court finds that this alternate element of federal bank robbery comports with the force clause. ///

---

[6] The *Howard* court was addressing the force clause under 18 U.S.C. § 924(c)(3)(A), which is identical to the force clause under U.S.S.G § 4B1.2. *See United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

1    Therefore, regardless of whether a defendant commits federal bank robbery through

2    "force and violence, or by intimidation," the crime is a categorical match for the force clause and

3    is thus a crime of violence.

4    **C.    California robbery is a crime of violence**

5    Wesley further argues that his predicate convictions (i.e., his prior felony convictions)

6    under California Penal Code § 211 are not crimes of violence. Binding Ninth Circuit case law

7    once again forecloses this argument. In *United States v. Becerril-Lopez*, the court held that

8    California robbery is a crime of violence under a different sentencing guideline, U.S.S.G. §

9    2L1.2. *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008). Although concluding

10   that the statute is broader than generic robbery,[7] the court ultimately held that any conduct that

11   the statute criminalized that was "not encompassed by generic robbery . . . would necessarily

12   constitute generic extortion and therefore be a 'crime of violence' . . . ." *Id*. at 892.

13   Alternately stated, a defendant who violates California Penal Code § 211 always commits

14   either generic robbery or extortion depending on the manner in which he commits the offense.

15   Because both generic offenses are listed under U.S.S.G. § 2L1.2, the statute is categorically a

16   crime of violence under that guideline section. Likewise, both robbery and extortion are listed in

17   the enumerated-offense clause under section 4B1.2(a), and the same result therefore applies in

18   the instant case. *See United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (per curiam)

19   (applying *Becerril-Lopez* in concluding that Nevada's robbery statute, which is nearly identical

20   to California's statute, is a crime of violence under section 4B1.2).

21   Nonetheless, Wesley argues that the Ninth Circuit's analysis in *Becerril-Lopez* is no

22   longer a permissible application of the categorical approach following the Supreme Court's

23   decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). ECF No. 29 at 7. Specifically, he

24

---

25   [7] In other words, California robbery criminalizes more conduct than included under the generic-
     robbery definition. *See United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008)

26   (defining generic robbery as "aggravated larceny, containing at least the elements of
     misappropriation of property under circumstances involving immediate danger to the *person*."

27   (emphasis in original)). Specifically, a defendant can commit California robbery through the
     "means of force or fear[,]" which includes both fear of unlawful injury to one's *person* and to

28   one's *property* (e.g., "Give me $10 or I'll key your car"). *Id*. (quoting Cal. Penal Code § 211).

7

1    contends that the Ninth Circuit, by analyzing California robbery under both generic robbery and

2    extortion, created a "hybrid generic offense" and that *Descamps* "prohibits the mixing and

3    matching of elements . . . ." *Id*. at 8.

4            The court does not agree. In *Descamps*, the Supreme Court sought to clarify the proper

5    application of the modified categorical approach and thus when sentencing courts may "consult a

6    limited class of documents, such as indictments and jury instructions, to determine which

7    [alternate element] formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct.

8    at 2281 ("This case presents the question whether sentencing courts may also consult those

9    additional documents when a defendant was convicted under an 'indivisible' statute—i.e., one

10   not containing alternative elements—that criminalizes a broader swath of conduct than the

11   relevant generic offense.").

12           The Ninth Circuit's analysis in *Becerril-Lopez*, however, was premised on the conclusion

13   that every variation of the state statute's elements always satisfies one or more listed generic

14   offense. In turn, this analysis relied solely on a categorical comparison of elements and did not

15   rely on the type of forbidden "factual approach" that the Supreme Court has held results in

16   "Sixth Amendment concerns" and "practical difficulties . . . ." *See id*. at 2287. This court

17   therefore does not find that the Supreme Court's analysis in *Descamps* or its progeny directly

18   contradicts or effectively overrules *Becerril-Lopez*.

19           Similar to Wesley's argument above regarding *Selfa*, the fact that the Ninth Circuit has

20   continued to apply its analysis in *Becerril-Lopez* after *Descamps* bolsters this court's conclusion.

21   *See, e.g.*, *Dixon*, 805 F.3d at 1196 (applying the same analytical structure from *Becerril-Lopez* in

22   comparing California robbery to a combination of generic extortion and the force clause).

23           **D.      Wesley is a career offender**

24           Because the court has found that Wesley's instant conviction for federal bank robbery

25   and his two prior convictions for California robbery are crimes of violence, he meets the career-

26   offender definition under U.S.S.G. § 4B1.1(a). Accordingly, the PSR correctly determined that

27   Wesley's base offense level should be enhanced to 32 points. A 3-point reduction for acceptance

28   of responsibility results in a total offense level of 29 points. Thus, based on an undisputed

criminal-history category of VI, Wesley's proper guideline sentencing range is 151–188 months of imprisonment.[8]

**III.     Conclusion**

      IT IS THEREFORE ORDERED that defendant Steven Robert Wesley Jr.'s objection (ECF Nos. 29, 33) to the presentence investigation report's recommended application of the career-offender enhancement is **OVERRULED**.

      IT IS SO ORDERED.

      DATED this 20th day of March, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[8] The court acknowledges that Wesley also objected to several of the PSR's recommended standard conditions of supervised release. ECF No. 29 at 2. However, since he filed his sentencing memorandum, a new PSR with altered recommended conditions has been issued and distributed to the parties. The court will hear remaining objections to the conditions, if any, during the sentencing hearing.